## George H. Rosenbaum, et al., v. John King.

1. CONTRACT—*how nature of, determined.* The question as to whether a particular instrument is a lease or a conditional sale is a question of law to be decided by the court.

2. CONDITIONAL SALE—*what is a.* A particular instrument set out in the opinion held to constitute a conditional sale rather than a lease, inasmuch as it appeared that its real object was to cover a sale in the guise of a lease and thus preserve a secret lien.

3. DEMAND—*when, essential to maintenance of replevin.* Where possession of the thing sought to be replevied was lawfully obtained, a demand is essential to the maintenance of the action.

Action of replevin. Appeal from the Circuit Court of Tazewell County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the May term. 1903. Reversed. Opinion filed June 28, 1904.

WILLIAM A. POTTS, for appellants.

CUNNINGHAM & HOFF, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is an action in replevin commenced by appellee, King, before a justice of the peace, and taken by appeal to the Circuit Court. King recovered judgment in each court and the cause comes here by appeal by the defendants.

One Von Boeckman acquired possession of a peanut roaster from appellee King, under the following agreement called "Exhibit A":

"This agreement, made and entered into this eighth day of March, A. D. 1902, by and between Willie Von Boeckman, party of the first part, and John King, party of the second part: Witnesseth, that whereas, party of the first part has this day leased of the party of the second part one peanut roaster now being used by said party of the first part at his place of business on Court street, in said city of Pekin. and agrees to pay as rent for the same the sum of fifty dollars, payable in monthly installments of five dollars each, the first payment due and payable April 1st, 1902, at the rate of five dollars, and continuing on the first day of every month thereafter until the full sum of fifty dollars is paid.

It is further agreed that in case of default in the payment of rent for said peanut roaster, the said party of the second part may take possession of said roaster without interference on the part of said party of the first part, and the amount or amounts so paid as rent by said party of the first part shall be retained by said second party without any part of said payments being returned to said party of the first part, and without said second party being liable for any damages on account of the taking of said machine before the termination of this lease.

Witness our hands and seals this eighth day of March, A. D. 1902.

WILLIE VON BOECKMAN. [SEAL]
JOHN KING. [SEAL] "

Von Boeckman remained in the open visible possession of the roaster at his place of business, and while so in possession sold and delivered the same to Rosenbaum, who at that time had no knowledge of said "Exhibit A." Shortly after Rosenbaum bought the roaster he sold and delivered it to his co defendant, Johannes, for $40. Johannes had no notice or knowledge of "Exhibit A," or that appellee had or claimed any right or interest in the roaster. Rosenbaum and Johannes were not partners nor in way associated or interested together in business. At the time suit was commenced Johannes was in the possession of the roaster at his store in Pekin, where all the parties resided.

The most important question in the case is the construction to be put on "Exhibit A," whether it is a lease or conditional sale. This is purely a question of law. Chickering v. Bastress, 130 Ill. 214; Graham v. Sadlier, 165 Ill. 97. The plaintiff, King, offered it in evidence; upon it he bases his right of recovery. We conclude that it is a conditional sale and not a lease; that its real object was to cover a sale, and under the guise of calling it a lease to preserve a lien upon the roaster. Ordinarily in written leases, the lessor is the party of the first part; in this he is of the second part. Usually in such instruments the lessor states in some terms that he leases or lets the property and for what period of time, and provision is made for the return of the property at the expiration of the

term. This instrument provides that the rent shall be the lump sum of $50 payable $5 each month "until the lump sum of $50 is paid." No term is fixed in the paper unless we are to infer that it is ten months, because the first party is to pay $5 for ten consecutive months. It is provided that in default of payment of rent, King may take possession and retain what has been paid, and not be liable for damages for taking possession. A lessor is entitled to retain the rent he has received. Such a provision was never heard of, but is common in conditional sales.

The evidence shows the roaster was worth from $40 to $75. Interest of $50 for ten months on such an investment is more than exorbitant; it leads to the conclusion that such interest or rent was not intended, by the parties, as such, but as the price of the property. In determining the character of such an instrument courts will disregard mere form and words and reach the substance. If "Exhibit A" was a conditional sale, plaintiff is not entitled to recover.

In Bastress v. Chickering, 18 App. 208, it is said: "Where one party, by means of contract but without notice to the world, suffers the real ownership in chattels to be in himself, and the ostensible ownership to be in another, the law will postpone the rights of the former to those of the execution or attachment creditors of the latter, because, to injure third persons by giving a false credit to such ostensible owners, is the natural and probable result of the transaction," and this statement of the law was affirmed by the court in 130 Ill. 216, on appeal by Chickering.

In Gilbert v. National Cash Register Co., 176 Ill. 295, the law is stated: "Whatever may be the rule in other jurisdictions, it is well settled in this state that the owner of personal property will not be permitted to sell it, either absolutely or conditionally, and still continue in possession of it. The party in possession of personal property is presumed to be the owner of it, possession being one of the strongest evidence of title to personal property. To suffer without notice to the world, the real ownership to be in

Rosenbaum v. King.

one person and the ostensible ownership to be in another, gives a false credit to the latter and in this way works an injury to third persons."

This judgment must be reversed upon another ground. There is no pretense that Johannes did not obtain possession of the roaster lawfully,-yet no demand is shown to have been made upon him before suit was commenced. Such demand was necessary to the maintenance of this suit. O. & M. Ry. Co. v. Noe, 77 Ill. 514.

The third instruction given for plaintiff is in the following words:

"If the jury believe from the evidence, that at the time this suit was commenced, the plaintiff was lawfully entitled to the immediate possession of the property described, and that the defendants or either of them, had the same in his or their possession, and that before the suit was commenced, and while the plaintiff was so entitled to such possession, there was a demand made for the property by the plaintiff, and a refusal to deliver the same by the defendants or either of them, then the jury should find for the plaintiff, upon the question of wrongful detention."

Clearly this instruction was erroneous.

The judgment is reversed without remanding.

*Reversed.*

Findings of fact, to be incorporated in the judgment of the court:

We find that appellant Johannes was the *bona fide* purchaser of the roaster in question and in the actual possession of the same at the time of the commencement of this suit, and at the time of such purchase he had no notice or knowledge of any claim or interest therein of appellee, and that appellee has no cause of action therefor against appellants, or either of them.

Mr. Justice PUTERBAUGH took no part.